IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KM TACTICAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-0874-DGK |
| | ) | |
| BERKSHIRE HATHAWAY SPECIALTY | ) | |
| INSURANCE COMPANY, and | ) | |
| GRANITE STATE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO STAY

This case is a declaratory judgment action concerning whether Plaintiff KM Tactical, LLC ("KM Tactical"), an alleged manufacturer of "ghost gun" kits, is entitled to insurance coverage in several federal lawsuits pending in New York state. These lawsuits ("the Ghost Gun Lawsuits"), allege that KM Tactical and other companies violated federal, state, and local laws by deliberately selling and shipping ghost gun parts and kits into the state. Defendants Berkshire Hathaway Specialty Insurance Company ("Berkshire Hathaway") and Granite State Insurance Company ("Granite State") issued commercial general liability policies to KM Tactical. They have denied coverage to KM Tactical in the Ghost Gun Lawsuits.

This is the second coverage lawsuit involving essentially the same parties and identical legal issues. On August 31, 2023, Granite State filed a declaratory judgment action ("the First-Filed Action") in the Southern District of New York ("SDNY") seeking a declaration that it did not owe a duty to defend KM Tactical in the Ghost Gun Lawsuits. On October 23, 2023, KM Tactical answered and filed counterclaims in the First-Filed Action, pleading that "[v]enue is proper in the United States District Court for the Southern District of New York."

Even so, on November 30, 2023, KM Tactical filed this lawsuit which is litigating substantially the same issues. The lawsuit initially named only Berkshire Hathaway as a defendant, but KM Tactical filed the First Amended Complaint on December 5, 2023, adding Granite State. That same day, KM Tactical filed a letter motion in the First-Filed Action seeking permission to transfer the SDNY lawsuit to the Western District of Missouri, or alternately, to stay the SDNY litigation pending resolution of this case. The motion to transfer is currently pending.

On February 1, 2024, Berkshire Hathaway filed a letter motion in the First-Filed Action indicating it proposed to intervene pursuant to Federal Rule of Civil Procedure 24(b) (governing permissive intervention in a lawsuit).

Now before the Court is Granite State's motion to dismiss or stay KM Tactical's First Amended Complaint pursuant to the "first filed" rule. ECF No. 25. Berkshire Hathaway has filed a brief in support which essentially joins Granite State's motion. ECF No. 30.

For the following reasons, the motion is GRANTED and this case is stayed pending the SDNY's ruling on KM Tactical's motion to transfer or stay.

## Discussion

KM Tactical does not dispute that the "first-filed" rule applies here, or that "the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993). Nor does it dispute that "the first-filed rule has generally been interpreted to dictate not only which forum is appropriate, but also which forum should *decide* which forum is appropriate." *ZeaVision LLC v. Bausch & Lomb, Inc.*, No. 4:21-cv-0072 JAR, 2021 WL 5905986, at *5 (E.D. Mo. Dec. 14, 2021) (emphasis in original).

Instead, KM Tactical argues that two exceptions to the first-filed rule apply here: the

2

"balance of convenience" exception and the "compelling circumstances" exception. Under the balance of convenience exception, the Court weighs factors analogous to those convenience factors considered under 28 U.S.C. 1404(a) in weighing a change of venue, such as the convenience of the parties, the convenience of the witnesses, and the interests of justice. *See Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997) (discussing 28 U.S.C. 1404(a) factors). Under the compelling circumstances exception, the Court considers whether "(1) the first-filed suit was filed after the other party gave notice of its intention to sue; and (2) the first-filed suit is for declaratory judgment . . . suggesting a 'race to the courthouse' in an attempt to preempt the natural plaintiff from his or her choice of forum." *Munlake Contractors, Inc. v. Brantley Devs.*, L.L.C., No 4:10-cv-1109-DGK, 2011 WL 4025732, at *3 (W.D. Mo. Sept. 12, 2011).

After carefully considering the parties' arguments, the Court holds KM Tactical has failed to carry its burden of showing that either of these exceptions apply here.

The balance of convenience does not weigh in favor of venue being in this district. If anything, it tilts towards venue being in the SDNY. The convenience of the parties and witnesses does not weigh in favor of either venue since several KM Tactical employees live nearby in Lee's Summit, Missouri, but Granite State maintains its principal place of business in New York, and the relevant discovery that may be produced will likely be in New York. However, the interests of justice, including the efficient administration of justice, weigh slightly in favor of venue being in the SDNY, where coverage actions involving similar policies issued to other ghost gun manufacturers are being litigated. And litigating similar coverage lawsuits in the same district will likely improve judicial efficiency. Hence the "balance of convenience" exception does not apply here. *See HRB Tax Grp. v. Nat'l Union Fire Ins. Co. of Pitts, Pa.*, No. 4:12-cv-0501-BCW, 2012 WL 4363723, at *3 (W.D. Mo. Sept. 21, 2012) (declining to apply this exception where the balance

did not weigh "heavily" in either party's favor, much less in the movant's favor).

KM Tactical's argument that "compelling circumstances" justify not applying the first-filed rule is even less persuasive. The first requirement—the case was filed after the other party gave notice of its intention to sue—is simply not met here. Further, in a case analogous to this one, another court in the Western District of Missouri rejected an insured's request to depart from the first-filed rule based on "compelling circumstances." *Id.* at *4 (observing that since the coverage dispute at issue in both the Missouri coverage action and the SDNY coverage action arose from an underlying lawsuit litigated in the SDNY, the defendant insurer "has a justifiable reason for seeking relief in the United States District Court for the Southern District of New York").

**Conclusion**

For the foregoing reasons, Granite State's motion to dismiss or stay the First Amended Complaint is GRANTED. This case is STAYED pending further order from the Court. The parties shall file a joint status report on the progress of the SDNY proceeding every ninety days.

Defendants' related motions to stay discovery pending the Court's ruling on the motion to dismiss or stay the First Amended Complaint (ECF Nos. 39, 41) are DENIED AS MOOT.

**IT IS SO ORDERED.**

Date:  May 1, 2024  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT